■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KINLOCK, Appellant. [888 NYS2d 119]—

Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated September 25, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-c.

Ordered that the order is affirmed, without costs or disbursements.

The County Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C) is supported by clear and convincing evidence (*see People v Pardo,* 50 AD3d 992 [2008]). The defendant was properly designated a level three sex offender based upon the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board), as well as the facts contained in the case summary and the risk assessment instrument (*see* Correction Law §§ 168-n, 168-l [6] [c]; *People v Gonzalez,* 63 AD3d 812 [2009], *lv denied* 13 NY3d 708 [2009]). Further, the defendant did not contest his risk factor score of 125 on the risk assessment instrument, which placed him in the level three risk level classification.

Although the County Court failed to make written findings of fact and conclusions of law as required by Correction Law § 168-n (3), this Court may make its own findings of fact and conclusions of law where, as here, the record is sufficient to do so (*see People v Pardo,* 50 AD3d 992 [2008]; *People v Banks,* 48 AD3d 656 [2008]; *People v Forney,* 28 AD3d 446 [2006]).

Contrary to the defendant's contention, defense counsel was not ineffective for failing to contest the recommendation of the Board. After consulting with counsel, the defendant chose not to contest any of the findings of the Board (*see People v Sceravino,* 57 AD3d 503 [2008]). Based upon counsel's familiarity with the case and the factual basis provided in the case summary for the assessment of points, and since the defendant did not inform counsel that he wished to contest any factual issue, it was reasonable for counsel to conclude that contesting the findings of the Board would not meet with success (*see People v Stultz,* 2 NY3d 277 [2004]; *People v Reid,* 59 AD3d 158 [2009]; *People v Carey,* 47 AD3d 1079 [2008]).

Accordingly, the determination of the County Court to designate the defendant a level three sex offender should not be disturbed. Dillon, J.P., Florio, Belen and Roman, JJ., concur.