■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYES, Appellant. [898 NYS2d 139]—

Order, Supreme Court, New York County (James A. Yates, J.), entered on or about September 26, 2008, which adjudicated defendant a level three sex offender and sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Assuming, without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a sex offender adjudication (*see People v Reid*, 59 AD3d 158 [2009], *lv*

*denied* 12 NY3d 708 [2009]), we conclude that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In the underlying criminal case, defendant had been indicted for multiple sex crimes against two children, but only pleaded guilty to one count of first-degree sexual abuse. In adjudicating him a level three offender, the court, relying on the victims' grand jury testimony, assessed points relating to the counts to which defendant did not plead guilty. On appeal, defendant faults his counsel for failing to use, or affirmatively asking the hearing court to disregard, material that could have impeached the victims' grand jury testimony, including documents prepared during an investigation by the Administration for Children's Services. However, counsel could have reasonably concluded that, on the whole, the impeachment material was more damaging than helpful. In particular, the inconsistencies, especially as to dates of events, could be readily explained, and the materials generally supported the victims' allegations. In any event, regardless of whether counsel should have used these documents, his failure to do so could not have affected the sex offender adjudication or deprived defendant of a fair hearing. Concur—Andrias, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.