■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SANTANA, Appellant. [898 NYS2d 455]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about June 8, 2007, which adjudicated defendant a level three sex offender and sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Assuming, without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a sex offender adjudication (*see People v Reid*, 59 AD3d 158 [2009], *lv denied* 12 NY3d 708 [2009]), we conclude that defendant

received effective assistance at the classification hearing (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Given the seriousness of the aggravating factors, counsel could have reasonably concluded there was nothing more that could be done to avoid an upward departure to level three (*see People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]). In any event, the alleged deficiencies in counsel's performance did not affect the outcome or deprive defendant of a fair hearing.

Defendant's argument that the People failed to provide him with notice of their intent to seek a risk level classification different from the Board's recommendation is improperly raised for the first time on appeal (*see People v Charache*, 9 NY3d 829 [2007]). Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.