[932 NYS2d 112]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BOWLES, Appellant.

Second Department, November 1, 2011

**APPEARANCES OF COUNSEL**

*Lynn W. L. Fahey*, New York City (*Erin R. Collins* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Leonard Joblove* and *Morgan J. Dennehy* of counsel; *Gamaliel Marrero* on the brief), for respondent.

## OPINION OF THE COURT

LEVENTHAL, J.

On this appeal, the defendant, Ronald Bowles, who, after a hearing, was designated a level two sex offender pursuant to Correction Law article 6-C, contends, inter alia, that he did not receive the effective assistance of counsel. We find, among other things, that while the defendant has a right to the effective assistance of counsel, that right was not violated.

The defendant was convicted, upon his plea of guilty, of unlawful imprisonment in the second degree (*see* Penal Law § 135.05), a class A misdemeanor. The underlying acts involved the sexual assault and rape of a 14-year-old female student in a high school stairwell by two codefendants of the defendant while the defendant acted as a lookout. During a portion of the incident, the defendant held the victim by her waist so that one of the codefendants could remove her pants. In 2001, the defendant was sentenced to 10 days in jail, with three years' postrelease supervision.

Thereafter, the Supreme Court conducted a risk level assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]). The Risk Assessment Instrument (hereinafter RAI) assessed 95 points against the defendant, enough for a level two adjudication, including 25 points for sexual contact with the victim.

## The SORA Hearing

The People and defense counsel appeared before the Supreme Court for the SORA hearing on November 13, 2008. The defendant was notified, but did not appear. The Supreme Court received the RAI into evidence. The prosecutor noted that there was an error in the RAI inasmuch as the defendant was assessed 20 points under risk factor 8 (criminal history), but the defendant should have been assessed only 10 points under that category. The People recommended that the Supreme Court find that the defendant was a level two sex offender based upon the 95 points scored in the RAI. Defense counsel argued that the defendant should not have been assessed 25 points under risk factor 2 (sexual contact with the victim/sexual intercourse) because the defendant "did not have sexual intercourse with

the victim." Over defense counsel's objection, the Supreme Court designated the defendant a level two sex offender.

### The Order Appealed From

In an order dated November 13, 2008, the Supreme Court designated the defendant a level two sex offender. The defendant appeals, arguing that, since he did not play a central role in the sexual aspect of the assault, the application of accessorial liability principles to assess him 25 points for sexual contact with the victim/sexual intercourse resulted in an inaccurate assessment. He argues that the RAI was based largely upon the actions of his codefendants. The defendant further asserts that he was entitled to a downward departure from the presumptive risk level and that he should have been adjudicated a level one sex offender. The defendant acknowledges that this contention was unpreserved for appellate review, but asks the Court to reach the issue in the exercise of our interest of justice jurisdiction. In the alternative, the defendant argues that he did not receive the effective assistance of counsel because his attorney did not request a downward departure.

In response, the People argue that the defendant was properly adjudicated a level two offender based upon his total risk assessment score of 95 points, which was supported by clear and convincing evidence. The People further argue that the defendant's contention that he was entitled to a downward departure to level one is unpreserved for appellate review and, in any event, without merit and, therefore, defense counsel's failure to request a downward departure did not constitute ineffective assistance of counsel.

■ Initially, while the Supreme Court failed to set forth findings of fact and conclusions of law after the hearing, as mandated by Correction Law § 168-n (3) (see People v Leopold, 13 NY3d 923 [2010]), remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Vega, 79 AD3d 718, 719 [2010]).

■ The defendant asserts that he should not have received 25 points under risk factor 2 (sexual contact with victim/sexual intercourse) because he did not actually have sex with the victim. The hearing court properly rejected this contention since the SORA Guidelines state that

"[t]he guidelines assume that the Board or a court will generally apply traditional principles of accessorial liability in calculating an offender's presumptive risk level (*see* Penal Law § 20). That means that if an offender held the victim down while his co-defendant had sexual intercourse with her, the offender should receive 25 points in the category for sexual contact with the victim. The Board or court, however, may choose to depart from the risk level so calculated if it determines that this point score results in an over-assessment of the offender's risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]).

Although the defendant did not actually have sex with the victim and was not convicted of a crime in which sex with the victim is an element, evidence in the record testimony supports the Supreme Court's determination that the defendant was properly assessed 25 points under risk factor 2. This is because the defendant held the victim's waist during the encounter so that her pants could be removed and because the defendant acted as a lookout. Under the circumstances, since he was acting as a lookout, it can be inferred that the defendant was aware that his codefendants were sexually assaulting and raping the victim. It was then properly determined that he acted in concert with the codefendants. Further, as to the remaining points assessed against the defendant, "[t]he risk level suggested by the RAI . . . is merely presumptive, and the assigning of a risk level is within the sound discretion of the SORA court" (*People v Pettigrew*, 14 NY3d 406, 409 [2010]; *see* Correction Law § 168-n [3]). We find, based upon the victim's sworn testimony (*see People v Mingo*, 12 NY3d 563, 573 [2009]) and the risk assessment instrument, that the Supreme Court properly assessed the defendant a total of 95 points and designated him a level two sex offender.

The defendant further argues that he is entitled to a downward departure from presumptive risk level two to risk level one and, in the alternative, that he was deprived of the effective assistance of counsel because his attorney at the hearing did not request a departure. Before addressing the merits of these arguments, we must first determine whether a defendant in a SORA proceeding has a right to the effective assistance of counsel.

The Sixth Amendment to the United States Constitution grants an indigent defendant the right to state-appointed

counsel in a criminal case (*see Gideon v Wainwright*, 372 US 335 [1963]). In New York, the right is recognized constitutionally (*see* NY Const, art I, § 6) and by statute (*see* CPL 170.10, 180.10, 210.15). The Right to Counsel Clause in the New York Constitution "is more restrictive than that guaranteed by the Sixth Amendment to the United States Constitution" (*People v Bing*, 76 NY2d 331, 338 [1990]). "Nevertheless, by resting the right upon this State's constitutional provisions guaranteeing the privilege against self-incrimination, the right to assistance of counsel and due process of law we have provided protection to accuseds far more expansive than the Federal counterpart" (*id.* at 338-339; *see People v Adams*, 53 NY2d 241, 250 [1981] ["the State Constitution affords additional protections above the bare minimum mandated by Federal law"]).

We note that in several decisions of this Court, we have directly addressed the merits of the defendant's claim that he or she was deprived of the effective assistance of counsel in a SORA proceeding (*see People v Reitano*, 68 AD3d 954 [2009]; *People v Kinlock*, 66 AD3d 980, 981 [2009]; *People v Sceravino*, 57 AD3d 503 [2008]; *People v Rios*, 57 AD3d 501 [2008]; *People v Austin*, 54 AD3d 916, 917 [2008]; *People v Pipkin*, 35 AD3d 693 [2006]; *People v Cummings*, 19 AD3d 571 [2005]; *People v Masters*, 19 AD3d 387, 388 [2005]; *People v Valentine*, 15 AD3d 463 [2005]). These decisions have addressed such claims on the merits without determining that such a right exists.

The First Department has taken a slightly different approach. For example, the First Department, in addressing a defendant's claim that he was deprived of the effective assistance of counsel in a SORA proceeding, stated:

> "To the extent that the record permits review, we find that defendant received effective assistance of counsel at the SORA hearing notwithstanding counsel's failure to litigate any aspect of the adjudication. Although a sex offender adjudication is not part of a criminal action, for present purposes we assume, *without deciding, that the state and federal standards for effective assistance at a criminal trial would apply*" (*People v Reid*, 59 AD3d 158, 158 [2009] [emphasis added; citations omitted]; *see People v Santana*, 72 AD3d 538 [2010]; *People v Reyes*, 72 AD3d 513 [2010]; *People v Mantilla*, 70 AD3d 477, 478-479 [2010]; *see also People v Kearns*, 68 AD3d 1713, 1714 [2009] [Fourth Department

stating, contrary to defendant's contention, "we conclude that he received meaningful representation at the SORA hearing"]).

The foregoing cases make plain that the Appellate Division has often chosen to address a defendant's argument that he or she received ineffective assistance of counsel at a SORA proceeding, even though the existence of such a right is not a settled issue. We now consider whether a defendant in a SORA proceeding has a right to the effective assistance of counsel, the source of that right, and whether the defendant in this case was deprived of that right.

A criminal defendant has the right to the effective assistance of counsel under both a state and federal standard (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]). New York applies a flexible standard to analyze claims based upon a deprivation of the right to the effective assistance of counsel, as guaranteed under the New York Constitution. In that regard, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d at 147). Nevertheless, a sex offender adjudication is not part of a criminal action (*see People v Stevens*, 91 NY2d 270, 277 [1998] ["the discrete risk level determinations are a consequence of convictions for sex offenses, but are not a part of the criminal action or its final adjudication"]).

SORA contains community notification and disclosure provisions that vary depending on the risk level designation. The community notification provisions allow law enforcement officials to disseminate information relating to sex offenders to vulnerable populations and to the public (*see* Correction Law § 168-*l* [6]). The public can obtain information about level one sex offenders by calling a toll-free telephone number maintained by the Division of Criminal Justice Services (*see* Correction Law § 168-p [1]) and information relating to level two and three sex offenders is also publically available on the internet (*see* Correction Law § 168-q [1]). The community notification provisions in SORA can result in individuals being stigmatized as sex offenders who may strike again and who pose a danger to the community. Indeed,

> "[t]he ramifications of being classified [as a sex of-
> fender] and having that information disseminated
> fall squarely within those cases that recognize a lib-
> erty interest where there is some stigma to one's
> good name, reputation or integrity, coupled with
> some more 'tangible' interest that is affected or a
> legal right that is altered" (*People v David W.*, 95
> NY2d 130, 137 [2000]).

Level one sex offenders, who are deemed a low risk of reoffense, are required to register for 20 years, while level two and three sex offenders generally must register at least annually for life (*see* Correction Law § 168-h).* Moreover, SORA can require certain sex offenders who have been convicted of a "sexually vi-olent offense" to register at least annually for life (Correction Law § 168-h [2]).

■ Correction Law § 168-n (3) provides, as relevant here, that no later than 30 days prior to the Board's recommenda-tion, the sex offender shall be notified that his or her case is under review and that he or she is permitted to submit to the Board any information relevant to the review. The sentencing court is required to "determine whether the sex offender was previously found to be eligible for assigned counsel in the underlying case. Where such a finding was previously made, the court shall assign counsel to represent the offender, pursuant to article eighteen-B of the county law" (*id.*).

> "Where counsel has been assigned to represent the
> sex offender upon the ground that the sex offender
> is financially unable to retain counsel, that assign-
> ment shall be continued throughout the pendency
> of the appeal, and the person may appeal as a poor
> person pursuant to article eighteen-B of the county
> law" (*id.*).

Thus, in a SORA proceeding, a sex offender has a statutory right to counsel. Clearly, that right would be rendered meaning-less unless counsel is required to provide effective representa-tion (*see Matter of State of New York v Campany*, 77 AD3d 92, 99 [2010] [stating, in civil confinement proceeding, that "(r)espondent's right to counsel would be eviscerated if counsel was ineffective"]).

We note that here, the defendant was designated as a level two sex offender and was presumptively subject to at least

---

* However, level two sex offenders who are not sexually violent offenders, sexual predators or predicate sex offenders can apply to be relieved of the duty to register after 30 years (*see* Correction Law § 168-h [2]).

lifetime annual registration. Therefore, considering both the community notification provisions and the registration requirements within SORA, and a defendant's statutory right to counsel pursuant to Correction Law § 168-n (3), we hold that a defendant has the right to the effective assistance of counsel in a SORA proceeding.

The next question that we consider is the source of a defendant's right to the effective assistance of counsel in a SORA proceeding. Clearly, that right does not emanate from the Sixth Amendment to the Unites States Constitution. As discussed below, we find that a defendant's right to the effective assistance of counsel in a SORA proceeding is a due process right, arising from the Fourteenth Amendment to the United States Constitution and article I, § 6 of the New York Constitution ("No person shall be deprived of life, liberty or property without due process of law").

Due process claims under New York's Constitution, like those raised under the United States Constitution, require the balancing of the following factors: (1) an evaluation of the interests of the parties to the dispute; (2) the adequacy of the contested procedures to protect those interests; and (3) the government's stake in the outcome (see People v Scalza, 76 NY2d 604, 610 [1990]; LaRossa, Axenfeld & Mitchell v Abrams, 62 NY2d 583, 588 [1984]). Due process is not a fixed concept, but rather a flexible one that depends on the particular circumstances (see Zinermon v Burch, 494 US 113, 127 [1990]). "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him [or her], notice and an opportunity to be heard are essential" (Wisconsin v Constantineau, 400 US 433, 437 [1971]; see Doe v Pataki, 3 F Supp 2d 456, 469 [1998] [finding, under a prior version of SORA, that sex offenders who were on probation had a protected liberty interest which entitled them to procedural due process and that those offenders were denied due process]; see also Turner v Rogers, 564 US —, 131 S Ct 2507 [2011] [holding that the Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces a year of incarceration; however, States must ensure hearings are fundamentally fair]; People v David W., 95 NY2d 130 [2000] [holding that due process was not satisfied where a sex offender, who was on probation when SORA went into effect, was administratively classified a level three offender, without notice

that a risk level determination was being made, or an opportunity to be heard]).

Additional support for a determination that a defendant in a SORA proceeding has the right to the effective assistance of counsel can be found in this Court's acceptance, in SORA appeals, of briefs in accordance with *Anders v California* (386 US 738 [1967]; *see e.g. People v Brown*, 82 AD3d 1067 [2011]; *People v Ray*, 82 AD3d 859 [2011]; *People v Liefer*, 78 AD3d 732 [2010]; *People v Diaz*, 76 AD3d 673 [2010]). The decision in *Anders* holds that, in criminal appeals, where assigned appellate counsel finds that there are no nonfrivolous issues that can be raised on appeal, counsel has a duty to advise the defendant of that belief, to request permission to withdraw, and to submit a brief referring to anything in the record that might arguably support the defendant's appeal (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. v Jasmin A.*, 89 AD3d 252 [2011] [decided herewith]). The United States Supreme Court held that such a requirement was necessary considering the "constitutional requirement of *substantial equality and fair process* can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae" (*Anders v California*, 386 US at 744 [emphasis added]). Since this Court accepts *Anders* submissions in SORA proceedings, it can be argued that such acceptance constitutes an implicit awareness that defendants in those proceedings have a right to fair process.

■ Having determined that a defendant in a SORA proceeding has a right to the effective assistance of counsel, we address the defendant's contentions. The defendant initially contends that he was entitled to a downward departure from the presumptive risk level assessment. This contention is unpreserved for appellate review and, in any event, without merit. A court may exercise its discretion to downwardly depart where the assessment of 25 points under risk factor 2 is based on the application of principles of accessorial liability and "results in an over-assessment of the offender's risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]), as long as the facts underlying the departure request are established by a preponderance of the evidence in the record (*see People v Wyatt*, 89 AD3d 112 [2d Dept 2011]). Here, the facts, which are not in dispute, do not support a downward departure. The defendant did not merely act as a passive lookout during the rape of the 14-year-old victim.

Rather, he forcibly took hold of the victim while his accomplices pulled off the victim's clothing. Hence, while the defendant did not actually have sexual contact with the victim, he did have physical contact with her, and this contact was instrumental to the commission of the underlying sexual assault.

█ Moreover, the defendant was not deprived of the effective assistance of counsel. Applying the New York State standard for the effective assistance of counsel, the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's attorney provided meaningful representation (*see People v Baldi*, 54 NY2d at 147). At the hearing, the defendant's counsel argued that the defendant should not have been assessed 25 points under risk factor 2 because he did not have sex with the victim. While, in hindsight, it may have been prudent for defense counsel to likewise request a downward departure, defense counsel's omission was not so egregious and prejudicial as to deprive the defendant of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]).

Accordingly, the order is affirmed.

ANGIOLILLO, J.P., BALKIN and SGROI, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.