Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about October 15, 2010, which adjudicated defendant a level three sexually violent offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
We reject defendant’s argument that he was improperly subjected to SORA’s registration requirements, including risk level classification, because his transfer to federal from state prison to serve a sentence for a federal crime allegedly did not constitute “release” within the meaning of SORA. Under the statute’s plain language, the registration requirements are triggered upon “release from any state or local correctional facility, hospital or institution” (Correction Law § 168-f [1] [a]), without regard to whether an inmate will be subject to supervision or incarceration in another jurisdiction.
Defendant also challenges assessments under several risk factors, asserting that instead of 140 points, his correct point score should be 110. Defendant concedes that the reduced score would still support a level three adjudication, but argues that he should receive a discretionary downward departure. Regardless of whether defendant’s correct point score is 140 or 110, we find no basis for a downward departure (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Mingo, 12 NY3d 563, 568 n 2 [2009]), particularly in light of the egregious circumstances of the underlying sex crime. Concur— Gonzalez, RJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.