People v Andrade (2015 NY Slip Op 00631)





People v Andrade


2015 NY Slip Op 00631


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Tom, J.P., Acosta, Saxe, Moskowitz, Feinman, JJ.


14038 3942/06

[*1] The People of the State of New York, Respondent,
v
Eloy Andrade, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Order, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about December 14, 2012, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level two sex offender adjudication. Initially, we note that defendant concedes that 70 points were correctly assessed. Therefore, the addition of any one of the three point assessments contested on appeal would be sufficient to qualify defendant as a level two offender.
The court properly assessed 10 points for use of violence, because the victim's grand jury testimony clearly established that, during one of numerous incidents of sexual misconduct, defendant ignored her plea for him to stop and restrained her by holding her down by her wrists. The court properly assessed 30 points for the victim's age, because the victim distinctly recalled that the first sexual offense occurred on a particular Christmas Day when she was under 11 years old. The court properly assessed 15 points for alcohol abuse, because the victim testified that defendant was drunk at the time of two specific sexual offenses.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). We do not find any overassessment of [*2]points. There were no mitigating factors that were not adequately taken into account by the guidelines, and the record does not establish any basis for a downward departure.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK