■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ROMERO, Appellant. [38 NYS3d 916]—Appeal by the defendant from an order of the Supreme Court, Kings County (Donnelly, J.), dated January 30, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Initially, a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Davis, 130 AD3d 598, 599 [2015]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel at the SORA proceeding (see People v Bowles, 89 AD3d 171, 179-180 [2011]). The defendant's counsel successfully challenged the assessment of 15 points against the defendant under risk factor 11 based on a history of alcohol abuse. Furthermore, under the circumstances of this case, defense counsel's failure to request a downward departure did not deprive the defendant of the effective assistance of counsel (see id. at 181; People v Kinlock, 66 AD3d 980, 981 [2009]; People v Reid, 59 AD3d 158, 159 [2009]; cf. People v Willingham, 101 AD3d 979, 980 [2012]). Accordingly, the determination of the Supreme Court to designate the defendant a level two sex offender should not be disturbed. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.