■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY PRESSLEY, Appellant. [61 NYS3d 882]—

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about February 23, 2015, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 15 points under the risk factor for alcohol abuse. Such an assessment may be based on alcohol abuse at the time of the underlying sex crime (*People v Palmer*, 20 NY3d 373, 378-379 [2013]). Here, the case summary and the victim's grand jury testimony provided clear and convincing evidence that defendant committed the second of two sex offenses while intoxicated. In particular, the victim's description of defendant's condition and behavior supported the inference that the sex crime was linked to his excessive consumption of alcohol (*see People v Andrade*, 124 AD3d 533 [1st Dept 2015], *lv denied* 25 NY3d 903 [2015]).

Assuming, without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a civil sex offender proceeding (*see People v Reid*, 59 AD3d 158 [1st Dept 2009], *lv denied* 12 NY3d 708 [2009]), we conclude that defendant received effective assistance at the classification hearing. Defendant has not shown that he was prejudiced by his attorney's failure to make additional arguments at the hearing. We also find no basis for a downward departure (*see generally People v Gillotti*, 23 NY3d 841 [2014]). Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.