Appeal by the defendant from an order of the Supreme Court, Westchester County (Cacace, J.), entered July 15, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The defendant pleaded guilty in February 2016 to promoting an obscene sexual performance by a child (Penal Law § 263.10) and possessing an obscene sexual performance by a child (Penal Law § 263.11), based on his possession of certain computer files containing child pornography. In July 2016, the Supreme Court conducted a risk level determination proceeding under the Sex Offender Registration Act (see Correction Law art 6-C). The People prepared a risk assessment instrument seeking the assessment of 135 points, including 30 points under risk factor 3 (number of victims) (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]), and 20 points under risk factor 7 (relationship between offender and victim) (see Guidelines at 12). The only argument offered by defense counsel at the hearing was that, given the defendant’s long period of abstinence from abusing alcohol, the court should not assess the 15 points sought by the People under risk factor 11 (drug or alcohol abuse) (see Guidelines at 15). The court declined to assess points under risk factor 11, and the resultant point total was 120, within the range of a presumptive level three designation.
 

 Contrary to the defendant’s contention, defense counsel’s failure to request a downward departure did not deprive him of the effective assistance of counsel (see People v Romero, 143 AD3d 876, 876 [2016]; People v Bowles, 89 AD3d 171, 181 [2011]).
 

 The defendant’s remaining contention is without merit.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.