People v Allen (2019 NY Slip Op 53951)





People v Allen


2019 NY Slip Op 53951


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

527439

[*1]The People of the State of New York, Respondent,
v
Andre R. Allen, Appellant.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.

Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered July 9, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to rape in the third degree based upon his admission to having sexual intercourse with a 15-year-old girl when he was 28 years old, and was sentenced to a prison term of 2½ years with 10 years of postrelease supervision (People v Allen, 165 AD3d 1348 [2018]). In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that, based upon a total score of 115 points, presumptively classified him as a risk level three sex offender. The People prepared a risk assessment instrument that scored a total of 110 points, also a presumptive risk level three classification. Following a hearing, which defendant chose not to attend but at which he was represented by counsel, County Court concluded that a total score of 95 points was warranted and classified defendant as a risk level two sex offender. Defendant appeals.
We affirm. Defendant contends that he is entitled to a downward departure from his presumptive risk level two to a risk level one, based primarily upon his low score on the STATIC-99R Risk Assessment Instrument. However, as defendant concedes, he did not raise this argument or request this relief before County Court and, thus, it is unpreserved for our review (see People v Johnson, 11 NY3d 416, 421-422 [2008]; People v Charache, 9 NY3d 829, 830 [2007]; People v Rupnarain, 123 AD3d 1387, 1388 [2014]; People v Bush, 105 AD3d 1179, 1180 [2013], lv denied 21 NY3d 860 [2013]).[FN1] Assuming, without deciding, that this Court has the authority to exercise our interest of justice jurisdiction in a sex offender classification proceeding, which is civil in nature (see People v Pettigrew, 14 NY3d 406, 408 [2010]; compare CPLR 5712 [c], with CPL 470.15 [3] [c]; [6]), under the circumstance of this case, we decline defendant's request to do so.
Lastly, we reject defendant's contention that his counsel's failure to request a downward modification of his risk level classification constituted the ineffective assistance of counsel.[FN2] The failure to request a downward departure of a risk level classification "does not necessarily constitute the ineffective assistance of counsel" (People v Jones, 172 AD3d 1786, 1787 [2019]; see People v Gressler, 166 AD3d 1249, 1249-1250 [2018], lv denied 32 NY3d 918 [2019]). Given that defense counsel successfully persuaded County Court that defendant should not be assigned 15 points under risk factor 11 for history of drug or alcohol abuse, thereby contributing to the reduction of defendant's presumptive risk level from a risk level three to a risk level two classification, we are satisfied that defendant received meaningful representation (see People v Butler, 161 AD3d 1232, 1232-1233 [2018], lv denied 32 NY3d 904 [2018]; People v Lightaul, 138 AD3d 1256, 1258 [2016], lv denied 28 NY3d 907 [2016]; People v Nichols, 80 AD3d 1013, 1014 [2011]).
Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendant submitted a letter to County Court challenging the assessment of points in the risk assessment instruments, he did not request a downward departure and thereafter voluntarily declined to attend the hearing (see Correction Law § 168-n [6]).

Footnote 2: We assume, without deciding, that defendant has the right to the effective assistance of counsel (see Correction Law § 168-n [3]; People v Bowles, 89 AD3d 171, 176-179 [2011], lv denied 18 NY3d 807 [2012]; see also People v Pressley, 154 AD3d 530, 530 [2017], lv denied 30 NY3d 909 [2018]; People v Santana, 72 AD3d 538, 539 [2010], lv denied 15 NY3d 705 [2010]).