People v Worrell (2023 NY Slip Op 06093)

People v Worrell

2023 NY Slip Op 06093

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Ind. No. 3573/73 Appeal No. 1118 Case No. 2022-00649 

[*1]The People of the State of New York, Respondent,
v
Anderson Worrell, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Danielle A. Bernstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Order, Supreme Court, New York County (Neil Ross, J.), entered on or about February 10, 2022, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's argument that the SORA registration requirements are inapplicable to him because his transfer to a Maryland prison to serve a sentence for a sex crime committed in that jurisdiction did not constitute a "release" within the meaning of SORA is unavailing. SORA's requirements "are triggered upon 'release from any state or local correctional facility, hospital or institution' (Correction Law § 168-f [1][a]), without regard to whether an inmate will be subject to supervision or incarceration in another jurisdiction" (People v Staley, 104 AD3d 583 [1st Dept 2013], lv denied 21 NY3d 857 [2013]).
We reject defendant's constitutional challenges. Defendant contends that the application of SORA would either require Maryland's prison authorities to fulfill his obligations on his behalf, in violation of state sovereignty, or render him unable to fulfill the in-person reporting requirement, in violation of his due process rights. However, absent any indication in the record that defendant had attempted to comply with the SORA requirements, these arguments are based on speculation and, thus, not cognizable on this appeal (see People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). Defendant did not preserve his contention that the conducting of his SORA hearing well before his release into the community violates his procedural due process rights, and we decline to address it in the interest of justice. As an alternative holding, we find it unavailing (see People v David W., 95 NY2d 130, 136-137 [2000]). Further, defendant has not demonstrated that the federal Sex Offender Registration and Notification Act preempts the application of SORA to offenders who relocate to a different state (see Spiteri v Russo, 2013 WL 4806960, *40-43, 2013 US Dist LEXIS 128379, *156-165 [ED NY Sept. 7, 2013, 12-CV-2780 (MKB) (RLM)], affd sub nom. Spiteri v Camacho, 622 Fed Appx 9 [2d Cir 2015]; see generally Arizona v United States, 567 US 387, 399-400 [2012]).
As the People concede, the court should not have applied the override for infliction of serious physical injury. Defendant's conviction of first-degree robbery was based on the use or threatened use of a dangerous instrument, not for causing serious physical injury, and the record before the SORA court did not establish by clear and convincing evidence that the victim suffered serious physical injury (see People v Howard, 27 NY3d 337, 341 [2016]).
Nevertheless, the court providently exercised its discretion in granting the People's application for an upward departure and denying defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). As to the mitigating factors cited by defendant, his completion [*2]of sex offender treatment and exemplary disciplinary record were adequately accounted for by the risk assessment instrument (see People v Brown, 213 AD3d 437 [1st Dept 2023], lv denied 39 NY3d 914 [2023]). He did not proffer sufficient proof to show that his age or physical condition decreased his likelihood to reoffend (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). That his last offense occurred 30 years before his SORA hearing is of no moment because his behavior in custody "is not necessarily indicative of his future conduct while at liberty" (People v James D., 200 AD3d 618, 618-619 [1st Dept 2021]). On the other hand, the egregiousness of the underlying crime, and defendant's extensive history of similar sex offenses in the approximately three decades following it, indicate a grave risk of sexual reoffense that was not adequately accounted for by the risk assessment instrument (see People v Bonnet, 212 AD3d 445 [1st Dept 2023], lv denied 39 NY3d 912 [2023]; People v Feliciano, 192 AD3d 600 [1st Dept 2021]). The fact that defendant committed the subsequent offenses in other states after absconding from New York, while awaiting
trials in the underlying case and a similar matter in Queens County, further supports an upward departure (see People v Gonzalez, 34 AD3d 240 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023