People v Rosado (2024 NY Slip Op 01767)

People v Rosado

2024 NY Slip Op 01767

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Ind. No. 9468/95 Appeal No. 1946 Case No. 2022-00848 

[*1]The People of the State of New York, Respondent,
v
John Rosado, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Graham Ball of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Order, Supreme Court, New York County (Daniel Conviser, J.), entered on or about February 18, 2022, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the underlying crimes. In the underlying incidents, defendant sexually assaulted three female strangers, including an 11-year-old girl, over the course of three months. Defendant committed the offenses only months after being released to parole in connection with his prior convictions for sexually assaulting three victims, and the first of the underlying attacks occurred minutes after defendant received counseling at a nearby sex offender treatment program. Defendant's completion of sex offender and substance abuse treatment programs has been adequately accounted for by the risk assessment instrument (see People v Boubacar, 222 AD3d 409, 409-410 [1st Dept 2023]). He has not established that his age, 62 at the time of the hearing, and physical ailments would reduce his likelihood of reoffense (see People v Worrell, 221 AD3d 542, 544 [1st Dept 2023]; People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Rather, the egregiousness of the underlying crimes, and defendant's history of violent sexual assaults, indicate a high risk of sexual reoffense and danger to the community (see Worrell, 221 AD3d at 544).
Defendant's contention that the court misinterpreted the SORA Guidelines is unpreserved and, in any event, unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024