People v Godsent (2025 NY Slip Op 00833)

People v Godsent

2025 NY Slip Op 00833

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Ind No. 3229/17 Appeal No. 3672-3673 Case No. 2023-02080 2023-01767 

[*1]The People of the State of New York, Respondent,
v
Gideon Godsent Also Known as Godsent Gideon, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered March 21, 2023, convicting defendant, after a jury trial, of sexual abuse in the third degree, and sentencing him to time served, unanimously affirmed. Order, same court and Justice, entered on March 21, 2023, which adjudicated defendant a level three offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Baque, __ NY3d __, 2024 NY Slip Op 05244, *2-3 [2024]). There is no basis for rejecting the jury's credibility determinations. The complainant's testimony that defendant entered her apartment after midnight and forcefully grabbed her breasts and kissed her, despite her pleas for him to stop and leave, demonstrated that he subjected her to sexual contact without her consent (see Penal Law §§ 130.00[3], 130.55). Her account of the incident was corroborated by other evidence, including surveillance video footage and prompt outcry testimony (see People v McDaniel, 81 NY2d 10, 16-17 [1993]).
The court providently exercised its discretion when it denied defendant's request for a missing witness charge for complainant's ex-partner and father of her child, whom she briefly called before reporting the sexual assault to a friend and to building security (see People v Gonzalez, 68 NY2d 424, 428 [1986]). The court properly concluded that the father's potential testimony regarding the complainant's phone call would be cumulative to the testimony of the two other prompt outcry witnesses and otherwise constituted inadmissible hearsay (see People v Flores, 13 AD3d 251, 252 [1st Dept 2004], lv denied 4 NY3d 886 [2005]; People v Small, 201 AD2d 315, 316 [1st Dept 1994], lv denied 83 NY2d 876 [1994]).
Although the court should have granted defendant's request to charge the jury to consider whether any witness had a motive to lie, which was part of the CJI charge (see CJI2d[NY] Credibility—Motive), any error was harmless, and reversal is therefore unwarranted. The court's instructions provided criteria for the jurors to evaluate a witness's credibility, including whether the witness had "bias, hostility, or some other attitude that affected the truthfulness of that witness'[s] testimony," "any interest in the outcome of the case," or whether the witness "intentionally testified falsely as to any material fact." Thus, the jury charge adequately conveyed the appropriate standards, including "the need to scrutinize [the witness's] testimony with care" (People v Inniss, 83 NY2d 653, 659 [1994]; People v Williams, 174 AD2d 494, 495 [1st Dept 1991], lv denied 78 NY2d 1015 [1991]).
The court also providently exercised its discretion in ruling that cross-examining the complainant about a Notice of Claim form she completed, seeking monetary damages and alleging that the Department of Homeless Services which ran the shelter where [*2]the incident occurred, was negligent, would open the door for the People to ask the complainant about her motivation for filing the Notice of Claim, namely, that the shelter had allowed defendant, a registered sex offender to live there (see People v Melendez, 55 NY2d 445, 451 [1982]). The record reflected that the complainant's reasons for filing the Notice of Claim and otherwise attempting to publicize the incident were due to defendant's status and continued residence at the shelter, not just any potential financial incentive.
As to defendant's appeal from his sex offender adjudication, assuming without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a civil sex offender proceeding (see People v Pressley, 154 AD3d 530 [1st Dept 2017], lv denied 30 NY3d 909 [2018]), defendant was not deprived of the right to the effective assistance of counsel by any error in counsel conceding the scoring of 10 points under risk factor 12 at the SORA proceeding. Defendant did not show that he was prejudiced by his attorney's conduct. Even after the assessment of those additional points, defendant remained a risk level one sex offender based on his score, and in any case, the application of the override for having committed a prior felony sex crime rendered him a presumptive risk level three offender (cf. People v Matos, 168 AD3d 438 [1st Dept 2019], lv denied 33 NY3d 903 [2018]).
Finally, the court providently declined to grant a downward departure, and we perceive no basis to reduce his risk level classification (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Although defendant contends that some of his prior sex crime convictions are remote, the record indicates that he spent a substantial portion of the past decade incarcerated, and as such, his "behavior in custody is not necessarily indicative of his future conduct while at liberty" (People v Worrell, 221 AD3d 542, 544 [1st Dept 2023], lv denied 41 NY3d 904 [2024] [internal quotation omitted]). Moreover, defendant did not complete a sex offender treatment program, much less demonstrate an "exceptional" response (see People v Tugwell, 210 AD3d 507, 507-508 [1st Dept 2022], lv denied 39 NY3d 911 [2023]), and "because defendant was living with his family at the time of his offense, he failed to demonstrate that his familial support was a mitigating factor warranting a downward departure" (People v Mills, 220 AD3d 548, 549 [1st Dept 2023], lv denied 41 NY3d 908 [2024]). In any event, the allegedly mitigating factors cited by defendant do not outweigh his significant criminal history of sex crimes, which continued after his prior adjudication as a level three offender.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025