People v Hardison (2025 NY Slip Op 05317)

People v Hardison

2025 NY Slip Op 05317

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 2988/01|Appeal No. 4825|Case No. 2024-00483|

[*1]The People of the State of New York, Respondent,
v
Kyle Hardison, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Order, Supreme Court, New York County (Angela Badamo, J.), entered on or about December 12, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
There is no basis for this Court to exercise its independent discretion to grant defendant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's conduct while incarcerated, his acceptance of responsibility, his living situation upon release, his support system, and his criminal history were adequately accounted for by the risk assessment instrument or not shown to reduce defendant's particular risk of reoffense (see People v Butts, 238 AD3d 520, 521 [1st Dept 2025]; People v Jenkins, 224 AD3d 632, 633 [1st Dept 2024], lv denied 42 NY3d 904 [2024]; People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). Defendant's participation in sex offender treatment and efforts at rehabilitation, while commendable, were not so extraordinary that a downward departure to risk level one is warranted (see People v Gomez, 192 AD3d 602 [1st Dept 2021], lv denied 37 NY3d 910 [2021]). In any event, to the extent that any of the alleged mitigating factors were not adequately accounted for by the risk assessment instrument, they were outweighed by the egregious nature of the underlying offense, which involved the brutal rape of a bound and gagged victim (see People v Worrell, 221 AD3d 542, 544 [1st Dept 2023], lv denied 41 NY3d 904 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025