People v Mejia (2025 NY Slip Op 06198)

People v Mejia

2025 NY Slip Op 06198

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2022-05625

[*1]The People of the State of New York, respondent, 
v
Ariel Mejia, appellant. 

Twyla Carter, New York, NY (Frank Xiao of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle S. Fenn, and Jackson Deterding of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Jerry M. Iannece, J.), dated May 24, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 110 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's application for a downward departure from presumptive risk level three to risk level one. "An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to establish an appropriate mitigating factor by a preponderance of the evidence. The defendant contends that the assessment of points under risk factor 2 (sexual contact with the victim) resulted in an overassessment of his risk to public safety, because the defendant did not personally have sexual contact with the victim during the offense. "[A] court may exercise its discretion to downwardly depart where some of the points assessed on the risk assessment instrument are based on the application of principles of accessorial liability and result[ ] in an over-assessment of the offender's risk to public safety" (People v Brown, 237 AD3d [*2]1112, 1113 [internal quotation marks omitted]). Here, however, the underlying facts do not support a downward departure, as the defendant was not a mere passive accomplice to another offender's sex offense (see People v Bowles, 89 AD3d 171, 180-181). Rather, the defendant initiated the sex offense by brandishing a gun and compelling the victim, upon threat of death, to have sexual intercourse against her will with another person. Under these circumstances, the defendant failed to establish by a preponderance of evidence that an assessment of 25 points under risk factor 2 resulted in an overassessment of his risk to public safety (see id.).
"[C]ontrary to the defendant's contention, his score of 110 points—the lowest possible score within presumptive level three—does not demonstrate that a downward departure should have been granted" (People v Magnetic, 231 AD3d 875, 876; see People v Dockery, 233 AD3d 808, 810, lv granted 43 NY3d 907).
The defendant's further contentions that he should have been granted a downward departure from his presumptive risk level based upon his age of 20 at the time of the offense and his immigration status are unpreserved for appellate review (see People v Howell, 213 AD3d 708, 709) and, in any event, without merit (see People v Hizam, 236 AD3d 937, 938; People v Modesto, 233 AD3d 954, 955).
In any event, even if an appropriate mitigating factor was established, the totality of the circumstances, including the nature of the offense, the defendant's refusal to participate in sex offender treatment, and his subsequent criminal conduct and disciplinary infractions while incarcerated, would not warrant a downward departure in the exercise of the court's discretion (see People v Brown, 237 AD3d at 1113; People v Adams, 220 AD3d 953, 954).
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court