People v Minkeson (2025 NY Slip Op 07322)

People v Minkeson

2025 NY Slip Op 07322

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-12314

[*1]People of State of New York, respondent,
v
Patrick C. Minkeson, appellant. Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Danielle Sciarretta and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 1, 2024, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level two sexually violent offender.
The defendant was convicted, upon his plea of guilty, of rape in the first degree, criminal sexual act in the first degree, and two counts of robbery in the first degree. The underlying acts involved the rape and sexual assault of a 17-year old female victim by a codefendant during the course of a robbery of the female victim and her two male companions. Following a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 85 points on the risk assessment instrument, which rendered him a presumptive level two sex offender. The court granted the People's application for an upward departure, denied the defendant's application for a downward departure, and, in an order dated November 1, 2024, designated the defendant a level three sexually violent offender. The defendant appeals.
Contrary to the defendant's contention, the County Court properly assessed 30 points under risk factor 1 for being armed with a dangerous instrument (see People v Pettigrew, 14 NY3d 406, 409; People v Bonds, 207 AD3d 666). The defendant's display of a gun to the victims and threat to shoot them constituted clear and convincing evidence that the gun was a dangerous instrument (see People v Pettigrew, 14 NY3d at 409).
The County Court properly assessed 25 points under risk factor 2 (sexual contact with victim/sexual intercourse) since the defendant entered a plea of guilty to rape in the first degree, of which sexual intercourse with another person is an essential element of that crime (see e.g. People v Parisi, 212 AD3d 666, 667) and facilitated the rape of the female victim by standing guard over the male victims during the rape to prevent them from escaping and calling the police (see People v Bowles, 89 AD3d 171, 175).
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861). "At the [*2]first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (id.; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [hereinafter Guidelines]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see Guidelines at 4, 7).
"[T]he People cannot obtain an upward departure pursuant to the [G]uidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (People v Gillotti, 23 NY3d at 862). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id. at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.). "A departure from the presumptive risk level is generally the exception, not the rule (People v Velasquez, 195 AD3d 762; see Guidelines at 4).
Here, the People identified the existence of aggravating factors not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d 841), including the defendant's commission of a separate crime, which ultimately led to his concurrent conviction of robbery in the second degree (see People v Davis, 166 AD3d 820, 821), and the brutal nature of the underlying crimes during which the female victim was assaulted multiple times while tied to one of her companions and her companions were forced to listen as she was assaulted (see People v Terrell, 237 AD3d 982, 983). Moreover, the People established the aggravating factors by clear and convincing evidence. Nevertheless, the County Court improvidently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level two designation to a risk level three designation.
The defendant's conduct during the prior robbery did not indicate that the presumptive risk level would result in an underassessment of the risk of sexual reoffense (People v Garcia, 153 AD3d 735, 737). Furthermore, as the defendant contends, an upward departure was not warranted based on the nature of the underlying crimes, since he established, as a mitigating factor, that he was not the principal offender of the sexual assault (see People v Brown, 237 AD3d 1112, 1113; People v Bowles, 89 AD3d at 180; Guidelines at 5, 7).
Although the defendant demonstrated the existence of a mitigating factor, considering the totality of the circumstances, his designation as a level two sex offender did not result in an overassessment of his risk level (see People v Gillotti, 23 NY3d at 861; Guidelines at 2; see also People v Aller, 164 AD3d 1381, 1382).
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court