■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EATON, Appellant. [963 NYS2d 271]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered April 14, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law article 6-C; hereinafter SORA) to "render an order setting forth its determinations and the find-

ings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the County Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Finizio, 100 AD3d 977 [2012], lv denied 20 NY3d 860 [2013]; People v Harris, 93 AD3d 704, 704 [2012]).

In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Finizio, 100 AD3d at 978). "[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see also People v Mingo, 12 NY3d 563 [2009]).

Here, the People met their burden of establishing, by clear and convincing evidence, that the court should apply two automatic overrides addressing the defendant's prior recent threat to reoffend and a clinical assessment that he has a psychological abnormality that decreases his ability to control impulsive sexual behaviors (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). Therefore, irrespective of the points scored on the risk assessment instrument, the defendant was presumptively a level three sex offender (see People v Carter, 85 AD3d 995 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]).

To the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level designation (see People v Johnson, 11 NY3d at 421; People v Bretan, 84 AD3d at 907-908), upon examining all of the circumstances relevant to the defendant's risk of reoffense and danger to the community, the County Court providently exercised its discretion in denying the defendant's application for a downward departure (see People v Carroll, 102 AD3d 848, 849 [2013]; People v Wyatt, 89 AD3d 112, 127-128 [2011]; People v Harding, 87 AD3d at 627).

The defendant's contention that he was denied the effective assistance of counsel (*see People v Bowles*, 89 AD3d 171, 173 [2011]; *see also People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]) is without merit.

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.