■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDON HENRY, Appellant. [966 NYS2d 499]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Gary, J.), dated October 30, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

It is uncontested that the People met their burden of establishing, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex crime (*see People v Carter*, 85 AD3d 995, 995 [2011]; *see also People v Eaton*, 105 AD3d 722 [2013]). Therefore, irrespective of the points scored on the Risk Assessment Instrument, the defendant was presumptively a level three sex offender (*see People v Carter*, 85 AD3d at 995; *People v Eaton*, 105 AD3d 722 [2013]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at risk factor 9 [3] [2006]).

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) only after a defendant makes a twofold showing (*see People v Arroyo*, 105 AD3d 926 [2d Dept 2013]). First, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which "tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines" (*People v Wyatt*, 89 AD3d 112, 124 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Second, a defendant must prove by a preponderance of the evidence the facts necessary to support the applicability of that mitigating factor (*see People v Wyatt*, 89 AD3d at 124). "In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level" (*People v Arroyo*, 105 AD3d at 926; *see People v Shephard*, 101 AD3d 978, 979 [2012], *lv denied* 21 NY3d 855 [2013]; *People v Wyatt*, 89 AD3d at 124).

Here, the defendant did not submit evidence to show the existence of any such mitigating factor. Since the defendant failed to demonstrate, by a preponderance of the evidence, that there existed a mitigating factor of a kind or to a degree not otherwise taken into account by the SORA guidelines, the Supreme Court lacked the discretion to depart from the presumptive risk level and properly designated the defendant a level three sex offender (*see People v Fareira*, 80 AD3d 589, 589-590 [2011]; *People v King*, 74 AD3d 1162, 1163 [2010]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.