Appeal by the defendant from an order of the Supreme Court, Kings County (Gary, J.), dated October 30, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
*679 It is uncontested that the People met their burden of establishing, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex crime (see People v Carter, 85 AD3d 995, 995 [2011]; see also People v Eaton, 105 AD3d 722 [2013]). Therefore, irrespective of the points scored on the Risk Assessment Instrument, the defendant was presumptively a level three sex offender (see People v Carter, 85 AD3d at 995; People v Eaton, 105 AD3d 722 [2013]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at risk factor 9 [3] [2006]).
A court has the discretion to downwardly depart from the presumptive risk level in a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) only after a defendant makes a twofold showing (see People v Arroyo, 105 AD3d 926 [2d Dept 2013]). First, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which “tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines” (People v Wyatt, 89 AD3d 112, 124 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Second, a defendant must prove by a preponderance of the evidence the facts necessary to support the applicability of that mitigating factor (see People v Wyatt, 89 AD3d at 124). “In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level” (People v Arroyo, 105 AD3d at 926; see People v Shephard, 101 AD3d 978, 979 [2012], lv denied 21 NY3d 855 [2013]; People v Wyatt, 89 AD3d at 124).
Here, the defendant did not submit evidence to show the existence of any such mitigating factor. Since the defendant failed to demonstrate, by a preponderance of the evidence, that there existed a mitigating factor of a kind or to a degree not otherwise taken into account by the SORA guidelines, the Supreme Court lacked the discretion to depart from the presumptive risk level and properly designated the defendant a level three sex offender (see People v Fareira, 80 AD3d 589, 589-590 [2011]; People v King, 74 AD3d 1162, 1163 [2010]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.