Appeal by the defendant from an order of the County Court, Orange County (De Rosa, J.), dated December 14, 2009, which designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the County Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Eaton, 105 AD3d 722, 722-723 [2013]; People v Finizio, 100 AD3d 977 [2012]).
In establishing a defendant’s risk level pursuant to SORA, *777 the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Finizio, 100 AD3d at 978). “[E]vidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see also People v Mingo, 12 NY3d 563 [2009]).
Here, the People met their burden of establishing, by clear and convincing evidence, that the court should apply an automatic override addressing the defendant’s prior felony conviction of a sex crime (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). Therefore, irrespective of the points scored on the risk assessment instrument, the defendant was presumptively a level three sex offender (see People v Carter, 85 AD3d 995 [2011]).
Contrary to the defendant’s contention, the record demonstrates that he knowingly and voluntarily waived his right to a SORA hearing (see People v Gliatta, 27 AD3d 441 [2006]; see also People v Dexter, 21 AD3d 403, 404 [2005]).
A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel (see People v Willingham, 101 AD3d 979, 980 [2012]; People v Bowles, 89 AD3d 171, 173 [2011]). Viewed in totality and as of the time of the representation, the defendant was not deprived of the effective assistance of counsel (see People v Bowles, 89 AD3d at 181).
The defendant’s contention that his underlying plea of guilty was not knowing and voluntary is not properly before this Court.
The defendant’s remaining contentions raised in his pro se supplemental brief either are without merit or are based upon matter dehors the record. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.