■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MANSON, Appellant. [974 NYS2d 792]—

Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Walsh, J.), dated October 18, 2011, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Since it was undisputed that the defendant had previously been convicted of a felony sex crime, the defendant was presumptively a level three sex offender pursuant to an automatic override, irrespective of the points scored on the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]; People v Henry, 107 AD3d 678, 679 [2013]; People v Palmer, 91 AD3d 618 [2012]). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 4 and 11 (see People v Spencer, 104 AD3d 660, 661 [2013]).

Moreover, upon examining all of the circumstances relevant to the defendant's risk of reoffense and danger to the community, we conclude that the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation (*see People v Eaton*, 105 AD3d 722, 723 [2013]; *People v Carroll*, 102 AD3d 848, 849 [2013]; *People v Tineo-Morales*, 101 AD3d 839 [2012]). Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.