■ The People of the State of New York, Respondent, v Harry Barfield, Appellant. [982 NYS2d 369]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Lasak, J.), dated August 4, 2009, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People established by clear and convincing evidence that the defendant had previously been convicted of a felony sex crime. Therefore, he was presumptively a level three sex offender pursuant to an automatic override addressing prior felony convictions for sex crimes, irrespective of the points scored on the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; *People v Manson*, 111 AD3d 688 [2013]; *People v Henry*, 107 AD3d 678, 679 [2013]; *People v Palmer*, 91 AD3d 618 [2012]). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 7 and 14 (*see People v Manson*, 111 AD3d at 688; *People v Spencer*, 104 AD3d 660, 661 [2013]).

To the extent that the defendant identified, as a matter of law, an appropriate mitigating factor and established facts in support of its existence that might warrant a downward departure from his presumptive risk level designation (*see People v Madison*, 98 AD3d 573, 574 [2012]; *People v Wyatt*, 89 AD3d 112, 128 [2011]; *People v Abdullah*, 31 AD3d 515 [2006]), upon examining all of the circumstances relevant to the defendant's risk of reoffense and danger to the community, the Supreme Court did not improvidently exercise its discretion in denying the defendant's application for a downward departure (*see People v Manson*, 111 AD3d at 688; *People v Eaton*, 105 AD3d 722, 723 [2013]; *People v Madison*, 98 AD3d at 574-575). Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.