THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARY ILIFF, Appellant. [17 NYS3d 785]—Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated October 21, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (hereinafter SORA) was supported by clear and convincing evidence (see Correction Law art 6-C; People v Ologbonjaiye, 109 AD3d 804, 804 [2013]).

The defendant contends only that the Supreme Court improvidently exercised its discretion in declining to downwardly depart from the presumptive risk level to find him a level two sex offender. The defendant proved by a preponderance of the evidence that there was a mitigating factor not taken into account in the SORA Risk Assessment Guidelines and Commentary (see People v Gillotti, 23 NY3d 841, 861 [2014]), namely, that his health is significantly impaired and that he may present a diminished risk of reoffense (see SORA: Risk Assessment Guidelines and Commentary at 5 [2006]; cf. People v Stevens, 55 AD3d 892, 894 [2008]). The Supreme Court, however, after evaluating all of the relevant circumstances, concluded that, even with impaired health, the defendant continued to present a high risk of reoffense. The defendant's point assessment total was 155, well beyond the threshold for a level three offender. Moreover, independent of the point assessment, based on the defendant's prior felony sex conviction in Connecticut, he was a presumptive level three sex offender pursuant to an automatic override (see People v Barfield, 115 AD3d 835, 835 [2014]). Furthermore, as the Supreme Court pointed out, the defendant committed the underlying sex offense in this case after he had already begun to suffer significant health problems. In light of all of the circumstances of the case, including, among others, the underlying facts of the crime, the defendant's history, and his refusal to undergo treatment, we conclude that the Supreme Court did

not improvidently exercise its discretion in denying the defendant's application for a downward departure to a level two sex offender (*see People v Barfield*, 115 AD3d at 835; *People v Manson*, 111 AD3d 688, 689 [2013]). Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.