■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEEK BERRY, Appellant. [28 NYS3d 631]—Appeal by the defendant from an order of the County Court, Nassau County (Delligatti, J.), dated January 28, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the County Court

properly determined that he was a presumptive level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). The People established, by clear and convincing evidence, that the defendant previously had been convicted of a felony sex offense. Therefore, irrespective of the points scored on the risk assessment instrument, the defendant was a presumptive level three sex offender pursuant to an automatic override (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; *People v Gordon*, 133 AD3d 835, 836 [2015]; *People v Barfield*, 115 AD3d 835, 835 [2014]; *People v Roache*, 110 AD3d 776, 777 [2013]). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under specified risk factors (*see People v Barfield*, 115 AD3d at 835; *People v Manson*, 111 AD3d 688, 688 [2013]).

Moreover, the County Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation (*see People v Iliff*, 132 AD3d 831, 831-832 [2015]; *People v Barfield*, 115 AD3d at 835; *People v Manson*, 111 AD3d at 689). Upon examining all of the circumstances relevant to the defendant's risk to reoffend and the danger the defendant poses to the community, a downward departure was not warranted (*see People v Iliff*, 132 AD3d at 831-832; *People v Barfield*, 115 AD3d at 835; *People v Manson*, 111 AD3d at 689).

The defendant's remaining contentions are without merit. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.