People v Wustrau (2018 NY Slip Op 02160)





People v Wustrau


2018 NY Slip Op 02160


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-09690

[*1]People of State of New York, respondent,
v
Christopher Wustrau, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Craig Stephen Brown, J.), dated September 8, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The County Court properly denied the defendant's application for a downward departure to a risk level one designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the circumstances identified by the defendant did not constitute appropriate mitigating factors because they either did not tend to establish a lower likelihood of reoffense or were adequately taken into account by the SORA Guidelines (see People v MacCoy, 155 AD3d 897, 898; People v Robinson, 145 AD3d 805, 806; People v Torres, 124 AD3d 744, 745-746).
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Roache, 110 AD3d 776, 777; see People v Willingham, 101 AD3d 979, 980; People v Bowles, 89 AD3d 171, 179-180). Here, contrary to the defendant's contention, the record, viewed in totality, demonstrates that he was afforded the effective assistance of counsel (see People v Roache, 110 AD3d at 777; cf. People v Willingham, 101 AD3d at 980).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court