People v Baker (2018 NY Slip Op 05500)





People v Baker


2018 NY Slip Op 05500


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2014-10905

[*1]People of State of New York, respondent,
v
Willie Baker, appellant. The Legal Aid Society, New York, NY (Ellen Dille of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Ruby D. Andrade on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated November 20, 2014. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq. [hereinafter SORA]), the Supreme Court assessed the defendant 75 points under the risk assessment instrument, which placed him within the range for a presumptive level two designation. However, the court determined that the defendant was a presumptive level three sex offender pursuant to an automatic override based upon his 1998 conviction of rape in the first degree (see People v Berry, 138 AD3d 945, 946; People v Roache, 110 AD3d 776, 777; People v Carter, 85 AD3d 995, 996). The court denied the defendant's request for a downward departure from that presumptive risk assessment level, and designated him a level three sex offender. The defendant appeals.
The defendant does not dispute that the Supreme Court properly deemed him to be a presumptive level three sex offender based on his prior rape conviction. However, the defendant contends that the court improvidently exercised its discretion in denying his request for a downward departure from this presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Under the circumstances of this case, a downward departure was not warranted, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the defendant's dangerousness and risk of sexual recidivism (see People v Santogual, 157 AD3d 737, 737; People v Torres, 124 AD3d 744, 745-746; People v Cabrera, 91 AD3d 479, 480). Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court