People v Paul (2019 NY Slip Op 00480)





People v Paul


2019 NY Slip Op 00480


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-03837

[*1]People of State of New York, respondent,
v
Lydell Dalton Paul, appellant. 


Bruce R. Bekritsky, Mineola, NY, for appellant. 
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated March 6, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 40 points on the risk assessment instrument and determined that the defendant was a presumptive level one sex offender. The People sought an upward departure from the presumptive level one designation. The defendant challenged the upward departure on the basis that he had debilitating health issues and such a designation would undermine the oversight of his health care. The defendant also argued that an upward departure would require him to relocate away from his parents' home, causing him undue hardship and further deterioration to his health. The court determined that an upward departure was warranted under the circumstances and designated the defendant a level two sex offender. The defendant appeals.
Where, as here, the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA guidelines, and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over-or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People established, by clear and convincing evidence, the existence of aggravating factors warranting an upward departure from the defendant's presumptive risk level, including the number of images of child pornography the defendant possessed over the course of more than 10 years and the disturbing nature of the images (see People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043). Contrary to the defendant's contention, although [*2]he adduced evidence that he suffered from serious health issues, he failed to demonstrate that those issues constituted a mitigating factor, since the evidence established that the defendant committed the underlying sex offense while experiencing those same serious health issues. Therefore, he failed to show that his poor physical health resulted in the overassessment of his risk of committing a sex crime in the future (see People v Benoit, 145 AD3d 687, 688; People v Iliff, 132 AD3d 831, 831; cf. People v Stevens, 55 AD3d 892). The defendant also failed to adduce sufficient evidence that relocation would cause him undue hardship or result in any deterioration of his health. Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court