People v Rodriquez (2020 NY Slip Op 00444)





People v Rodriquez


2020 NY Slip Op 00444


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-12450

[*1]People of State of New York, respondent,
v
Nicholas Rodriquez, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Nashrah Ahmed on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Myriam Cyrulnik, J.), dated September 17, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Following a hearing held pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq. [hereinafter SORA]), the defendant was assessed 125 points under the risk assessment instrument, within the range for a presumptive designation as a level three sex offender. The Supreme Court denied the defendant's request for a downward departure, and designated the defendant a level three sex offender.
"A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies, and then proves by a preponderance of the evidence the facts in support of, a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (People v Tromba, 157 AD3d 915, 916 [internal quotation marks omitted]; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Once a defendant seeking a downward departure identifies and proves the mitigating factor by a preponderance of the evidence, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the danger presented by the defendant and the risk the defendant will reoffend (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720).
Although a defendant's debilitating illness may, in the appropriate case, constitute a basis for a downward departure (see Guidelines at 5; People v Stevens, 55 AD3d 892, 893-894), here, the defendant failed to demonstrate by a preponderance of the evidence that his health problems—many of which existed before the underlying offenses were committed—were so serious as to minimize the risk of recidivism (see People v Williams, 172 AD3d 1923, 1924; People v Wallason, 169 AD3d 728, 728; People v Hankerson, 166 AD3d 569; People v Benoit, 145 AD3d [*2]687, 688; People v Iliff, 132 AD3d 831, 831-832; People v Adams, 44 AD3d 1020).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure and to designate the defendant a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court