People v McQueen (2020 NY Slip Op 03679)





People v McQueen


2020 NY Slip Op 03679


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2018-12489

[*1]People of State of New York, respondent,
v
Herbert McQueen, appellant. Paul Skip Laisure New York, NY (Martin B. Sawyer of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated August 15, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court granted the defendant's request for a downward departure from his presumptive risk level three designation, adjudicated the defendant a level two sex offender, and denied the defendant's request for a further downward departure to risk level one. On appeal, the defendant contends that the court should have further downwardly departed from his presumptive risk level three designation to risk level one.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4-5 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
A debilitating illness may, in the appropriate case, constitute a basis for a downward departure (see People v Rodriquez, 179 AD3d 957, 958; People v Wallason, 169 AD3d 728, 729). Here, however, the defendant failed to establish that a further downward departure to risk level one based on his health conditions was warranted under the totality of the circumstances, which include, among other things, his tier III sexual misconduct violations while incarcerated (see People v Gonzalez, 142 AD3d 541, 542; People v Iliff, 132 AD3d 831, 831-832). Accordingly, we agree with [*2]the Supreme Court's determination denying the defendant's request for a further downward departure from his presumptive risk level and designating him a level two sex offender.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court