People v West (2020 NY Slip Op 07932)





People v West


2020 NY Slip Op 07932


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-08414

[*1]People of State of New York, respondent,
v
Richard West, appellant. Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Liza Batkin on the brief), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated July 10, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the defendant was assessed 140 points, presumptively placing him within the level three designation. The Supreme Court denied the defendant's request for a downward departure from the presumptive risk level.
Contrary to the defendant's contention, the Supreme Court did not err in assessing him points under risk factor 1, for use of a dangerous instrument (see People v Dash, 111 AD3d 907, 908), and risk factor 11, for a history of substance abuse (see People v Cuspert, 172 AD3d 1255). In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]). Here, the defendant's use of a dangerous instrument and history of substance abuse were established by clear and convincing evidence in the form, inter alia, of his presentence report and the rape victim's trial testimony (see People v Cuspert, 172 AD3d at 1255-1256).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism [*2](People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "advanced age" may constitute a basis for a downward departure (SORA Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 56 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Khan, 182 AD3d 613, 614; People v Ramos, 179 AD3d 850, 851; People v Mitchell, 178 AD3d 865, 866). Moreover, none of the other factors put forward by the defendant, either singly, in combination with each other, or in combination with the defendant's age, showed that the presumptive risk level overassessed the danger presented by the defendant and the risk of reoffense (see People v Mitchell, 178 AD3d at 866; People v Tromba, 157 AD3d 915). Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court