People v Wolm (2022 NY Slip Op 05551)

People v Wolm

2022 NY Slip Op 05551

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-07447

[*1]The People of the State of New York, respondent,
v
Joseph Wolm, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated May 11, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child less than 16 years of age (Penal Law § 263.16). Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6—C; hereinafter SORA), the County Court applied an automatic override to a presumptive risk level three classification based upon the defendant's 2005 conviction of course of sexual conduct against a child in the first degree (Penal Law § 130.75), denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
Since it was undisputed that the defendant had previously been convicted of a felony sex crime, he was presumptively a level three sex offender pursuant to an automatic override, irrespective of the points scored on the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]; People v Manson, 111 AD3d 688, 688; People v Henry, 107 AD3d 678, 679). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 3 and 7 (see People v Barr, 205 AD3d 741, 742; People v Berry, 138 AD3d 945, 946; People v Richardson, 124 AD3d 743, 743; People v Barfield, 115 AD3d 835, 835; People v Manson, 111 AD3d at 688; People v Roache, 110 AD3d 776, 777).
Contrary to the defendant's contention, the County Court did not err in rejecting his argument for a downward departure from the presumptive risk level. "'Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level'" (People v Locklear, 154 AD3d 888, 889, quoting People v Gillotti, 23 NY3d 841, 861; see People v Johnson, 135 AD3d 720, 721). "Regardless of whether the presumptive risk level has been determined by the assessment of points or the application of an override, a defendant who seeks a downward departure must first identify a mitigating circumstance or circumstances of a kind or to [*2]a degree not adequately taken into account by the guidelines" (People v Gordon, 133 AD3d 835, 836-837 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861, citing Guidelines at 4; People v Locklear, 154 AD3d at 889; People v Johnson, 135 AD3d at 721). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (see People v Gillotti, 23 NY3d at 861, 864; People v Gordon, 133 AD3d at 837). Only upon the defendant's satisfaction of that two-fold showing does the court become vested with discretion to depart from the presumptive risk level (see People v Gillotti, 23 NY3d at 861; People v Simmons, 170 AD3d 904, 905; People v Johnson, 135 AD3d at 721; People v Gordon, 133 AD3d at 837). Although a defendant's response to sex offender treatment, if exceptional, may qualify as a mitigating factor that warrants a downward departure, here, the defendant failed to prove by a preponderance of the evidence that his response to sex offender treatment was exceptional (see People v Emery, 204 AD3d 944, 945; People v Roelofsen, 195 AD3d 962, 963; People v Leung, 191 AD3d 1023, 1024; People v Torres, 124 AD3d 744, 746).
Accordingly, the County Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court