People v Jackson (2023 NY Slip Op 02898)

People v Jackson

2023 NY Slip Op 02898

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2022-02651

[*1]The People of the State of New York, respondent,
v Lamar R. Jackson, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 7, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In June 1997, the defendant was convicted, upon his plea of guilty, of murder in the second degree and rape in the first degree. Following a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant a total of 125 points and applied an automatic override to a presumptive risk level three designation on the basis that the defendant caused the victim's death (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
Since it was undisputed that the defendant caused the victim's death, he was presumptively a level three sex offender pursuant to an automatic override, irrespective of the points scored on the risk assessment instrument (see Guidelines at 3; People v Manson, 111 AD3d 688; People v Henry, 107 AD3d 678, 679). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 9, 10, and 13 (see People v Wolm, 209 AD3d 682; People v Barr, 205 AD3d 741; People v Manson, 111 AD3d 688).
Contrary to the defendant's contention, the County Court did not err in rejecting his arguments for a downward departure from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the [*2]totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure (see People v Gillotti, 23 NY3d at 861).
Accordingly, the County Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court