People v Johnson (2024 NY Slip Op 03701)

People v Johnson

2024 NY Slip Op 03701

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2021-02609

[*1]The People of the State of New York, respondent,
v
Douglas Johnson, appellant. Joseph A Hanshe, Sayville, NY (Kimberly M. Ball of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Michelle Kaszuba and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated March 4, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of rape in the first degree and three counts of murder in the second degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court applied an automatic override to a presumptive level three risk classification on the basis that the defendant caused the victim's death (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The court denied the defendant's application for a downward departure and designated him a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Brandt, 222 AD3d 890, 890; see Guidelines at 3). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Brandt, 222 AD3d at 890). "[O]nce the People have sustained [this] burden . . . a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic" (id. at 891 [internal quotation marks omitted]; see People v Broadus, 142 AD3d 595, 595-596).
Here, the People established by clear and convincing evidence that the defendant caused the death of the victim (see People v Rivera, 222 AD3d 1010, 1011; People v Abdullah, 210 AD3d 704, 705). Thus, the Supreme Court properly determined that the defendant was presumptively a level three sex offender pursuant to the second automatic override, irrespective of the points scored on the risk assessment instrument (see People v Rivera, 222 AD3d at 1011; People v Wolm, 209 AD3d 682, 683). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 12 and 13 (see People v Wolm, 209 AD3d at 683).
Contrary to the defendant's further contention, the Supreme Court properly denied his application for a downward departure. While advanced age may be a basis for a downward departure, the defendant failed to establish that this factor minimized his risk of reoffense (see People v Pou, 206 AD3d 766, 768; People v West, 189 AD3d 1481, 1483). Moreover, the defendant failed to demonstrate that his response to sex offender treatment was "exceptional" (People v Centeno, 210 AD3d 812, 814; see People v Barrott, 199 AD3d 1029, 1030), and failed to establish his educational and vocational achievements while incarcerated by a preponderance of the evidence (see People v Musmacker, 213 AD3d 784, 786).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Baker, 221 AD3d 916; People v Adams, 220 AD3d 953, 954).
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court