People v Magnetic (2024 NY Slip Op 04986)

People v Magnetic

2024 NY Slip Op 04986

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-03941

[*1]The People of the State of New York, respondent,
v
El-Hajj Magnetic, appellant. 

Twyla Carter, New York, NY (Iván Pantoja of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), entered May 4, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of crimes including sexual abuse in the first degree (Penal Law § 130.65). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
The Supreme Court properly denied the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "advanced age" can be a basis for a downward departure (Guidelines at 5; see People v Mitchell, 196 AD3d 516, 518), the defendant failed to demonstrate that his age of 56 years old at the time of the SORA hearing constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Abdullah, 210 AD3d 704, 706; People v West, 189 AD3d 1481, 1483). Contrary to the defendant's contention, an offender's young age at the time the first sex offense was committed is taken into account by the Guidelines, and is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Alleyne, 212 AD3d [*2]660, 662). Further, the remoteness of the defendant's first sex offense was adequately taken into account by risk factor 10 (recency of prior felony or sex crime) (see People v Emery, 204 AD3d 944, 945). In addition, the defendant's willingness to participate in sex offender treatment was taken into account by risk factor 12 (acceptance of responsibility) (see People v Garcia, 192 AD3d 833, 834). Although a defendant's response to treatment may qualify as a ground for a downward departure where the response is "exceptional," the defendant made no showing that his response to sex offender treatment was exceptional (see People v Rogers, 222 AD3d 894, 896). Also contrary to the defendant's contention, his score of 110 points—the lowest possible score within presumptive level three—does not demonstrate that a downward departure should have been granted (see People v Rucano, 213 AD3d 709, 711).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court