People v McKay (2024 NY Slip Op 06067)

People v McKay

2024 NY Slip Op 06067

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-02211

[*1]The People of the State of New York, respondent,
v
Trevor McKay, appellant. 

Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated January 12, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level three sex offender based upon the assessment of a total of 115 points on the risk assessment instrument and the denial of the defendant's request for a downward departure from his presumptive risk level. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Although debilitating illness may constitute a basis for a downward departure (see Guidelines at 5; People v Stevens, 55 AD3d 892, 893-894), here, the defendant failed to demonstrate by a preponderance of the evidence that his physical condition minimized his risk of recidivism, particularly since the health issues associated with his condition existed at the time the defendant committed the underlying offense (see People v Rodriquez, 179 AD3d 957, 958; People v Iliff, 132 AD3d 831, 831). Moreover, while the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety in some cases involving offenders who possessed child pornography (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d 416, 421), a downward departure is not warranted as a matter of discretion under the circumstances [*2]of this case (see People v Bustillo, 220 AD3d 814, 815; People v Galeana, 208 AD3d 1372, 1373).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court