People v McGuire (2025 NY Slip Op 07421)

People v McGuire

2025 NY Slip Op 07421

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-01705

[*1]The People of the State of New York, respondent,
vRonald E. McGuire, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 4, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of three counts of rape in the first degree (Penal Law § 130.35[1]) and endangering the welfare of a child (Penal Law § 260.10[1]). Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court, inter alia, applied an automatic override to a presumptive risk level three classification based upon the defendant's 1998 conviction of rape in the first degree (Penal Law § 130.35[1]), denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"[T]he Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Godek, 237 AD3d 761, 762 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The first override is for a prior felony conviction of a sex crime (see Guidelines at 3, 19; People v Godek, 237 AD3d at 762). The People bear the burden of proving the applicability of a particular override by clear and convincing evidence (see Correction Law § 168-n[3]; People v Godek, 237 AD3d at 762). "'Once the People have sustained this burden, a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Godek, 237 AD3d at 762 [internal quotation marks omitted], quoting People v Johnson, 135 AD3d 720, 720-721).
Here, since it was undisputed that the defendant had previously been convicted of a felony sex crime, he was presumptively a level three sex offender pursuant to an automatic override, irrespective of the points scored on the risk assessment instrument (see Guidelines at 3; People v Johnson, 229 AD3d 469, 470; People v Wolm, 209 AD3d 682, 683). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under risk factors 5, 11, and 13 (see People v Johnson, 229 AD3d at 470; People v Wolm, 209 AD3d at 683).
Contrary to the defendant's further contention, the County Court properly denied his application for a downward departure, as he failed to present evidence demonstrating how educational courses and vocational achievements, even if not taken into account by the Guidelines, established his lower likelihood of reoffense or danger to the community (see People v Moore, 223 AD3d 921, 923; People v Rucano, 213 AD3d 709, 710).
Accordingly, the County Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court